UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS HICKS,

        Petitioner,

                                                    CASE NO. 05-CV-74005-DT
v.                                                   HONORABLE GEORGE CARAM STEEH

HUGH WOLFENBARGER

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

Dennis Hicks ("Petitioner"), a state prisoner confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. Petitioner pleaded *no lo contendere* to two counts of second-degree murder, six counts of assault with intent to murder, one count of possession of a firearm during the commission of a felony, and being a fourth habitual offender in the Wayne County Circuit Court in 2004. He was sentenced to concurrent terms of 23-40 years imprisonment on each of the murder and assault convictions and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner raises a pre-arrest delay claim. For the reasons stated, the petition for writ of habeas corpus is denied.

### I. Facts and Procedural History

Petitioner's convictions arise from an incident in which he and other men armed themselves with weapons and robbed people as they left a bar in Detroit, Michigan on December

1

5, 1998.  After committing some robberies, Petitioner fired an AK-47 into the bar, killing two patrons and wounding six others.

Petitioner was subsequently incarcerated on unrelated charges on February 22, 2001.

On September 10, 2003 a criminal warrant was issued charging Petitioner with the two counts of felony murder, six counts of assault with intent to commit murder, one count of felony firearm, and being a fourth habitual offender for the 1998 incident.  Petitioner was bound over on all charges.

On April 8, 2004, Petitioner pleaded *no lo contendere* to two counts of second-degree murder, six counts of assault with intent to commit murder, one count of felony firearm, and to being a fourth habitual offender in exchange for a sentencing agreement and dismissal of the felon murder charges.  On April 22, 2004, pursuant to the sentencing agreement, Petitioner was sentenced to concurrent terms of 23-40 years imprisonment on each of the murder and assault convictions and a consecutive term of two years imprisonment on the felony firearm conviction. The sentences were ordered to run concurrently to sentences imposed in two unrelated cases.

Following sentencing, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising a claim concerning sentencing credit and pre-arrest delay and a claim concerning the accuracy of the pre-sentence report.  The Michigan Court of Appeals denied the application for lack of merit, but remanded the matter for correction of the pre-sentence report.  *See People v. Hicks*, No. 256380 (Mich. Ct. App. Aug. 18, 2004).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Hicks*, No. 127187 (Mich. April 26, 2005).

Petitioner thereafter filed the present habeas petition, asserting that he "was denied due process by intentional delay by prosecutor to bring prosecution knowing Petitioner was

incarcerated" and that he was "substantially prejudiced by the delay." Respondent has filed an answer to the petition contending that it should be denied.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively

unreasonable." *Id*. at 409.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.  "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

### III.  Analysis

Petitioner asserts that he is entitled to habeas relief due to the prosecution's delay in pursuing criminal charges against him in this case.  Because Petitioner raises a claim about the alleged deprivation of constitutional rights that occurred before the entry of his *no lo contendere* plea, his claim is foreclosed by his plea.  *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.  Simply stated, a defendant who pleads guilty or *no lo contendere* generally waives any non-jurisdictional claims that arose before his plea.  Pre-arrest delay is not a jurisdictional issue.  *See, e.g., Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, *2 (6th Cir. 2003) (speedy trial claim is not jurisdictional).  In a plea case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.  *Broce*, 488 U.S. at 569. Petitioner does not dispute the knowing or voluntary nature of his plea, and the record of the plea proceedings belies any such claim.  Petitioner's pre-arrest delay claim is foreclosed by his plea.

*See Crosby v. United States*, 42 F.3d 1388, 1994 WL 683926 (6th Cir. Dec. 6, 1994) (unpublished case holding that delay in presenting case to grand jury was foreclosed by guilty plea); *People v. Tremain*, 1997 WL 33347805, *1 (Mich. App. June 20, 1997) (unpublished case holding that defendant waived pre-arrest delay claim by pleading guilty).

Furthermore, even if the Court were to consider Petitioner's pre-arrest delay claim, it would deny habeas relief. The Due Process Clause prohibits unjustified pre-indictment or pre-arrest delay. *See United States v. Lovasco*, 431 U.S. 783, 789 (1977); *United States v. Marion*, 404 U.S. 307, 324-26 (1971). To prevail on such a claim, a defendant must show substantial prejudice to his right to a fair trial and intent by the prosecution to gain a tactical advantage. *Marion*, 404 U.S. at 324. Petitioner has made no such showing. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).

Lastly, to the extent Petitioner may be asserting a sentencing credit claim, as he did in the state courts, he is not entitled to habeas relief. A state court's alleged misinterpretation of state sentencing guidelines or crediting statutes is a matter of state concern only. *See Howard*, 76 Fed. Appx. at 53 (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). It is well-settled that state law issues are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Michigan Court of Appeals denied Petitioner's application for leave to appeal for lack of merit. A federal court will not review a state court's decision on a matter of purely state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18, 22-23 (6th Cir. 1981). Moreover, Petitioner has not shown that the state court erred. Habeas relief is not warranted.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim presented in his petition. Accordingly, the Court **DENIES** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.


**Dated:  August 28, 2006**

<u>S/George Caram Steeh</u>
**GEORGE CARAM STEEH**
**UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on August 28, 2006, by electronic and/or ordinary mail.**

<u>S/Josephine Chaffee</u>
**Deputy Clerk**